**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RODNEY GAINES, | ) Case No. CV 11-2181-TJH (JPR) |
| Petitioner, | ) |
| vs. | ) ORDER TO SHOW CAUSE |
| BRUNO STOLC, Warden, | ) |
| Respondent. | ) |

On April 15, 2011, Petitioner filed a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody. The Petition purports to state six grounds for relief. Although it is inartfully pleaded,[1] several of the grounds attack Petitioner's conviction for possession of cocaine base pursuant to California Health & Safety Code section 11350 on the ground that he was never charged with that crime, and the trial court erroneously gave the jury an instruction and verdict form allowing him to be convicted of it.

---

[1] Pro se habeas petitions must be held to less stringent standards than formal pleadings drafted by lawyers and should be liberally construed. See Maleng v. Cook, 490 U.S. 488, 493, 109 S.Ct. 1923, 1927, 104 L. Ed. 2d 540 (1989); Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).

1

1    In rejecting Petitioner's argument on direct appeal, the
2 California Court of Appeal found that the trial court had indeed
3 erred given that section 11350 is not a lesser included offense
4 of the crime with which Petitioner had been charged, section
5 11352(a) – sale, transportation, or offer to sell cocaine base.
6 The court found, however, that Petitioner had forfeited his claim
7 by failing to object to the instruction or verdict form at the
8 time of trial:

> The Attorney General correctly concedes that simple possession is not a lesser included offense of the sale or transportation count, and therefore the trial court erred in instructing the jury on simple possession based on its erroneous conclusion in that regard. However, the Attorney General is also correct in asserting that appellant forfeited the issue of lack of notice for purposes of appeal by failing to object in the trial court to the instruction and verdict form regarding simple possession.
>
> . . . .
>
> Although a defendant ordinarily may not be convicted of a crime that is neither charged nor necessarily included in a charged offense, the California Supreme Court in <u>Toro</u> recognized "an exception to this rule ... in cases where a defendant expressly or impliedly consents to have the trier of fact consider a nonincluded offense: 'Since a defendant who requests or acquiesces in conviction of a lesser offense cannot legitimately claim

1
2
3
4
5
6
7
8
9
     lack of notice, the court has jurisdiction to convict him of that offense.'" [People v. Toro, 47 Cal. 3d 966, 973, 254 Cal. Rptr. 811 (1989), disapproved of on other grounds by People v. Guiuan, 18 Cal. 4th 558, 568 n.3, 76 Cal. Rptr. 2d 239 (1998).] A defendant is deemed to acquiesce to the jury's consideration of a lesser related offense when he or she fails to object to the jury instructions or verdict form relating to that offense. (Id. at pp. 976-977.)

     Specifically, the Toro court stated: "[I]t has been uniformly held that where an information is amended at trial to charge an additional offense, and the defendant neither objects nor moves for a continuance, an objection based on lack of notice may not be raised on appeal. [Citations.] There is no difference in principle between adding a new offense at trial by amending the information and adding the same charge by verdict forms and jury instructions." (Id. at p. 976, fn. omitted.)

     We thus conclude that appellant has forfeited the argument that he did not receive adequate notice of the charge of simple possession, because he did not object to the instruction or verdict form in that regard.

Petitioner raised the same challenge in his Petition for Review before the California Supreme Court, claiming that the erroneous jury instruction and verdict form had violated his due process rights under the 14th Amendment of the U.S. Constitution. (Lodged Doc. 11 at 14.)  The state supreme court granted the

Petition for Review on another basis and remanded for a limited purpose; it did not expressly address the due process claim.

Respondent filed an Answer to the Petition on August 1, 2011. In it, Respondent acknowledges Petitioner's claim but devotes only a couple of sentences to it:

> Petitioner's additional argument in these claims that he "wasn't even prosecuted for simple possession" (1st Am. Pet. at 5-6), is nothing more than a fundamental misunderstanding of the law of lesser-included offenses. Petitioner was charged with sale, transportation, offer to sell a controlled substance, but convicted by the jury of the lesser-included offense of possession of a controlled substance.

(Answer at 21-22.)

Unlike before the California Court of Appeal, Respondent seems to argue that no error occurred; but in fact, as the California Court of Appeal found, section 11350 is not a lesser included offense of section 11352(a) but rather a lesser <u>related</u> offense. <u>People v. Peregrina-Larios</u>, 22 Cal. App. 4th 1522, 1524, 28 Cal. Rptr. 2d 316, 316 (1994). Under that case and <u>Toro</u>, it was error for the trial court to instruct the jury on the lesser related charge.

Respondent has not made any argument that Petitioner's claim is procedurally defaulted based on the California Court of

1 | Appeal's finding that Petitioner had forfeited the claim.[2]
2 | Procedural default is an affirmative defense and generally must
3 | be pled or is waived.  See Vang v. Nevada, 329 F.3d 1069, 1073
4 | (9th Cir. 2003).  Because the California Court of Appeal ruled on
5 | procedural grounds, this Court's review of the claim on federal
6 | habeas is de novo.  See Lewis v. Mayle, 391 F.3d 989, 996 (9th
7 | Cir. 2004); see also Porter v. McCollum, __U.S.__, 130 S. Ct.
8 | 447, 452, 175 L. Ed. 2d 398 (2009).

   IT THEREFORE IS ORDERED that on or before November 10, 2011, Respondent show cause why this Court should not (1) deem Respondent to have waived any argument that Petitioner's claim is procedurally defaulted and (2) recommend that the district court grant Petitioner relief on his due process claim.  After the Court reviews Respondent's response to this Order to Show Cause, it will determine whether a reply from Petitioner is necessary.

DATED: October 20, 2011

_____
JEAN P. ROSENBLUTH
UNITED STATES MAGISTRATE JUDGE

---

[2] Respondent does argue that Petitioner's Eighth Amendment claim is procedurally defaulted.  (Answer at 7, 10-12.)