

# United States District Court
# Central District of California
# Eastern Division

| | |
|---|---|
| RODNEY GAINES, | EDCV 11-2181 TJH (JPR) |
| Petitioner, | |
| v. | Order |
| BRUNO STOLC, | and |
| Respondent. | Judgment |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Petitioner's first amended petition, the records on file, the Report and Recommendation of the Magistrate Judge ("Report"), Respondent's objections to the Report, and Petitioner's reply to the objections. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court conducted a *de novo* review of those matters in the Report to which objections have been stated in writing.

In May, 2006, Petitioner was charged in state court with selling, transporting, or offering to sell cocaine, and possession of a smoking device. Though Petitioner

was not charged with possession of cocaine, the trial court, *sua sponte* and over the objections of the prosecutor and Petitioner, instructed the jury on simple possession and possession for sale, in addition to the charged offenses. The trial court's verdict form included both the charged and the uncharged offenses.

The prosecutor, in his closing argument, stated that "the People are not requesting that you consider those two [possession charges]." (Rep. Tr. vol. 2, 396: 20-22). The prosecutor, further, stated, "I don't see ... [possession] here in this case." Rep. Tr. vol. 2, 397: 11-28. The prosecutor concluded his closing argument by saying, "So the People are ... asking you to look simply at count 1, the offer to sell, the furnishing, and to reach a verdict on that count ... ." (Rep. Tr. vol. 2, 398: 4-7).

While objecting to the instruction for possession for sale, Petitioner's counsel stated, "I would like to object to this jury instruction ... because the evidence in this case do [*sic*] not – do [*sic*] not warrant giving such an instruction as far as possession for sale." (Resp't's Br. at 8-9). The trial court noted the objection for the record but overruled it "given the evidence that developed." (Resp't's Br. at 9). Petitioner never objected to the instruction for simple possession.

The jury acquitted Petitioner of the sales charge, but convicted him of possession of a smoking device and the uncharged offense of possession of cocaine. Petitioner was sentenced to 11 years in prison.

Petitioner appealed to the California Court of Appeal, which concluded that the trial court erred in instructing the jury on the simple possession charge, but held that Petitioner forfeited his right to appeal by failing to object at trial. Petitioner, then, filed a petition for review and a petition for a writ of *habeas corpus* with the California Supreme Court, which denied both.

Petitioner, then, filed a petition for a writ of *habeas corpus* in the District

Court. After the petition was dismissed as a mixed petition, he filed a first amended petition ("FAP"). The FAP asserted six grounds for relief, but they should have been consolidated into two grounds: (1) challenging the sentence as violative of the Eighth Amendment, and (2) challenging the conviction for possession as violative of his due process rights. Respondent's answer to the FAP raised a procedural default affirmative defense as to the Eighth Amendment claim, and dismissed the remainder of the FAP as "nothing more than a fundamental misunderstanding of the law of lesser-included offenses."

In response to the Magistrate Judge's order to show cause why the Court should not (1) deem Respondent to have waived any argument that Petitioner's due process claim was procedurally defaulted, and (2) recommend that the District Court grant Petitioner relief on his due process claim, Respondent stated that he had misinterpreted grounds 2 to 6 of the FAP to contain solely an insufficiency of evidence argument and that, had he understood that Petitioner was attempting to make a due process argument, he would have asserted the procedural default defense as to those grounds. Furthermore, Respondent conceded that the position taken in the answer – that possession of a controlled substance was a lesser-included offense of sale of a controlled substance – was clearly erroneous. After considering the response, the Magistrate Judge issued her Report recommending that the FAP be granted.

Federal courts have the power to grant a writ of *habeas corpus* if a state court conviction "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "resulted in a decision based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d). A state court decision is contrary to Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the

Supreme Court] on a question of law" or if "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [the Supreme Court's]." *Williams v. Taylor*, 529 U.S. 362, 405-6, 120 S. Ct. 1495, 1519, 146 L. Ed. 2d 389, 425 (2000).

Procedural due process, including notice of the specific charge and an opportunity to be heard during a trial of the issues raised by that charge, is "among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." *Cole v. Arkansas*, 333 U.S. 196, 201, 68 S. Ct. 514, 517, 92 L. Ed. 644, 647 (1948). Here, the state trial court's instructions and verdict form resulted in a violation of Petitioner's due process rights because he was convicted of a crime – possession – for which he was neither charged nor tried. "It is axiomatic that a conviction upon a charge not made or upon a charge not tried constitutes a denial of due process." *Jackson v. Virginia*, 443 U.S. 307, 314, 99 S. Ct. 2781, 2786, 61 L. Ed. 2d 560, 570 (1979). Accordingly, the trial court's decision to give the jury instructions and a verdict form for a crime neither charged nor tried involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court, and resulted in Petitioner's wrongful conviction.

In a similar case, the Ninth Circuit reversed a district court's denial of a petition for a writ of *habeas corpus*. *Gautt v. Lewis*, 489 F. 3d 993, 998 (9th Cir. 2007). In *Gautt*, the Circuit held that the petitioner's due process rights were violated when he was sentenced pursuant to a twenty-five-year-to-life enhancement with which he was not charged, rather than the ten-year enhancement with which he was charged, and that "the California appellate court's decision to the contrary constituted 'an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States.'" *Gautt*, 489 F. 3d at 998 (*Citing* 28 U.S.C. § 2254(d)).

The Court agrees with the Magistrate Judge's conclusion that, although inartfully pled, Petitioner's FAP sufficiently states a claim for violation of due process. Furthermore, the Court agrees that Respondent's procedural default defense was waived as Respondent did not assert it in his answer. See *Franklin v. Johnson,* 290 F.3d 1223 (9th Cir. 2002). Under Fed. R. Civ. P. 8(c), Respondent was obligated to assert all of his affirmative defenses in his answer. *See Nardi v. Stewart,* 354 F.3d 1134 (9th Cir. 2004). Moreover, there is nothing in the record before this Court to indicate that Respondent ever sought leave to amend his answer to add the procedural default affirmative defense. By not asserting procedural default in his answer to the due process claims, Respondent, in effect, has been procedurally defaulted from later raising the defense. *See Franklin,* 290 F.3d at 1233.

Even if the Court permitted Respondent to amend his answer to add the procedural default defense, the amendment would be futile because Petitioner was not procedurally barred by an independent state ground. "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law ... ." *Coleman v. Thompson,* 501 U.S. 722, 724, 111 S. Ct. 2546, 2551, 115 L. Ed. 2d 640, 652 (1991). Thus, a showing of cause and actual prejudice is necessary to excuse a procedural default. Here, Petitioner has established both.

Petitioner had the requisite cause for failing to object at trial – futility. The prosecutor had objected to the instructions and verdict form as to both simple possession and possession with intent to sell, while Petitioner's counsel made an objection only as to possession with intent to sell. Any further objection by

Petitioner's counsel would have been futile. The Court agrees with Petitioner that because the trial court wrongly thought that the possession offenses were lesser included, rather than related, offenses of the offer to sell charge, any further objections would have been futile. Therefore, Petitioner has demonstrated cause for his procedural default.

Petitioner, also, suffered the requisite prejudice because the trial court committed plain error. Under *United States v. Olano*, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779, 123 L. Ed. 2d 508, 518 (1993), a conviction resulting from a plain, forfeited error that affects substantial rights and seriously affects the fairness, integrity or public reputation of judicial proceedings should be reversed. As conceded by all parties, and as held by the California Court of Appeal, the trial court's jury instructions and verdict form were clearly and obviously erroneous. Those errors resulted in Petitioner's conviction of a crime for which he was neither charged nor tried, and, as such, constituted a violation of his fundamental constitutional due process rights. *Cole*, 333 U.S. at 201, 68 S. Ct. at 517, 92 L. Ed. at 647. This conviction is the type of error which calls into question the integrity of the judicial system. *See Olano*.

Accordingly, it is Ordered, Adjudged and Decreed that:

1. The Court accepts the Report and Recommendation of the Magistrate Judge;

2. Petitioner's petition for a writ of *habeas corpus* be, and hereby is, conditionally Granted. Unless Petitioner is brought to retrial within 60 days of the date this judgment becomes final (plus any additional delay authorized under state law), Respondent shall discharge Petitioner from all consequences of his conviction pursuant to California Health & Safety Code § 11350 in Los

Angeles County Superior Court Case No. MA032254;

3.    Petitioner's requests for counsel and for an evidentiary hearing are **Denied** as moot.

**It is Further Ordered** that the clerk shall serve copies of this order and judgment by first class mail on Petitioner and counsel for Respondent.

Date:  February 15, 2012

_____
Terry J. Hatter, Jr.
Senior United States District Judge

# NOTICE PARTY SERVICE LIST

Case No. EDCV11-02181-TJH (JPR)     Case Title  Rodney Gaines v. Bruno Stolc

**Title of Document**  Order and Judgment

| | |
|---|---|
| | ADR |
| | BAP (Bankruptcy Appellate Panel) |
| | BOP (Bureau of Prisons) |
| | CA St Pub Defender (Calif. State PD) |
| | CAAG (California Attorney General's Office - L.A. Death Penalty Coordinator) |
| | Case Asgmt Admin (Case Assignment Administrator) |
| | Chief Deputy Admin |
| | Chief Deputy Case Processing |
| | Chief Deputy Judicial Services |
| | CJA Supervising Attorney |
| | Clerk of Court |
| | Death Penalty H/C (Law Clerks) |
| | Dep in Chg E Div |
| | Dep In Chg So Div |
| | Federal Public Defender |
| | Fiscal Section |
| | Intake Section, Criminal LA |
| | Intake Section, Criminal SA |
| | Intake Supervisor, Civil |
| | MDL Panel |
| | Ninth Circuit Court of Appeal |
| | PIA Clerk - Los Angeles (PIALA) |
| | PIA Clerk - Riverside (PIAED) |
| | PIA Clerk - Santa Ana (PIASA) |
| | PSA - Los Angeles (PSALA) |
| | PSA - Riverside (PSAED) |
| | PSA - Santa Ana (PSASA) |
| | Statistics Clerk |

| | |
|---|---|
| | US Attorneys Office - Civil Division - L.A. |
| | US Attorneys Office - Civil Division - S.A. |
| | US Attorneys Office - Criminal Division - L.A. |
| | US Attorneys Office - Criminal Division - S.A. |
| | US Bankruptcy Court |
| | US Marshal Service - Los Angeles (USMLA) |
| | US Marshal Service - Riverside (USMED) |
| | US Marshal Service - Santa Ana (USMSA) |
| | US Probation Office (USPO) |
| | US Trustee's Office |
| | Warden, San Quentin State Prison, CA |

| | **ADD NEW NOTICE PARTY** (if sending by fax, mailing address must also be provided) |
|---|---|
| Name: | |
| Firm: | |
| Address *(include suite or floor)* : | |
| | |
| | |
| *E-mail: | |
| *Fax No.: | |

\* For CIVIL cases only

| ✓ | **JUDGE / MAGISTRATE JUDGE (list below):** |
|---|---|
| | Hon. Lisa M. Chung |
| | County of Los Angeles Superior Court |
| | 111 North Hill Street |
| | Los Angeles, CA 90012 |

**Initials of Deputy Clerk** JR